On Petition for a Rehearing.
Gavin, J.
Counsel for appellant earnestly seek a rehearing. Their first insistence is that there is an entire failure of evidence. The learned counsel are too familiar with the decisions of this court and the Supreme Court not to know that the question thus presented to us is simply whether there is any evidence fairly sustaining the verdict. If there is, the marshaling of a large amount of evidence to. the contrary will not in this court overthrow it.
Counsel argue that there was no obstruction on the platform. It is true several witnesses testify that they saw none, and some that there absolutely was none. Yet Zwizzig testifies that both he and his partner stumbled over them just before the accident, and when asked: “Q,. What was on the platform?” answered, “A. What *199 I can feel by me feet, they got some nails and pieces of plank.”
This fits into the evidence of Steel and others who say the obstructions were there a short time after the accident. We would have no right to disregard this evidence and take as true that quoted by counsel, which says there was no obstruction on the platform. It is needless to argue the preponderance of the evidence, because this court does not deal with that question.
Counsel further insist that the deceased was guilty of contributory negligence because he was running alongside a moving train. Zwizzig, however, says he was walking. We have read his evidence over several times in a vain effort to find any statement by him that the boy was running, as claimed by counsel. Furthermore, John Timberlake says that when the boy fell he was “about fifteen feet (away) walking north towards me * * * slow speed.”
This contention of counsel must, therefore, necessarily fail.
Further complaint is made that we did not pass explicitly upon the correctness of instruction No. 15, asked by appellant.
It is well settled that an instruction must correctly state the law or there is no error in refusing it. That this instruction did not correctly state the basis upon which the damages were to be estimated was necessarily involved in the determination that the instruction given was the law.
This fact seemed to be recognized by counsel in arguing together both the refusal to give the one and the giving of the other.
The petition is overruled.
Filed Nov. 23, 1894.